UNITED STATES DISTRICT COURT
Western District of Texas - Midland Division

| | |
|---|---|
| MICHELLE VALDIVIEZO, § | |
| § | |
| PLAINTIFF § | CASE NUMBER: 25-303 |
| § | |
| VS. § | |
| § | |
| ASSET RECOVERY SOLUTIONS, LLC, § | |
| § | DEMAND FOR JURY TRIAL |
| DEFENDANT § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**Preliminary Statement**

1. Plaintiff, MICHELLE VALDIVIEZO, ("Plaintiff") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Debt Collection Act, Texas Finance Code § 392, ("TDCA") to obtain statutory damages, actual damages, and other relief for the Defendant's violations of the FDCPA and TDCA.

2. Defendant, ASSET RECOVERY SOLUTIONS, LLC. herein after referred to as ARS, attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on a credit card issued by Credit One Bank, N.A. The obligations ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. ARS can be served by and through their registered agent: CT Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

**JURISDICTION AND VENUE**

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Texas Finance Code § 392 *et. seq.* against Defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692 and the TDCA, Texas Finance Code § 392.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court for the Western District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## DEFINITIONS

6. As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

7. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Defendant, ARS, is a debt collection agency, a foreign for-profit corporation believed to be based in Illinois and is in the business of collecting consumer debt in the Western District of Texas. The principal purpose of ARS's business is the collection of consumer debts using the mail and telephone. ARC regularly attempts to col-

lect consumer debts for others. ARC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and

9. Plaintiff, MICHELLE VALDIVIEZO, ("Valdiviezo") is an individual who resides in Midland County, Texas, in the Western District of Texas, and is a consumer as defined by 15 U.S.C. § 1692(a)(3) and Texas Finance Code § 392.001(1).

## FACTUAL ALLEGATIONS

10. On April 2, 2025, Valdiviezo received an email message from Asset Recovery Solutions, LLC. They were attempting to collect a purported debt. The debt was for personal, household, or family usage.

11. The email stated, *inter alia*, that:

    - **"By entering this site, you consent to receive disclosures…";**
    - **"Your creditor is preparing to refer your account to a lawfirm…"; and**
    - **"The Disclosures include those below and others that may be required pursuant to the federal Electronic Funds Transfer Act and Regulation E; the federal Fair Debt Collection Practices Act; the federal Telephone Consumer Protection Act; and any other applicable federal, state or local law or regulation."**

12. Defendant again communicated the same information to Valdiviezo by sending an additional, duplicate email, on April 7, 2025.

13. Defendant's email, when stating "By entering this site, you consent to receive disclosures…" is misleading, intimidating, and confusing to an unsophisticated consumer. This email is not a "site" and Plaintiff did not understand what she had "entered". By including website-based Terms & Conditions into an unsolicited email, Defendant falsely implied that Valdiviezo was bound by legal terms just by receiving and reading the email, which is a deceptive practice. See *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011)

14. Defendant's email, when stating "Your creditor is preparing to refer your account to a law firm…" is vague, intimidating, and confusing to an unsophisticated consumer. With no law firm named and no proof of intent, Defendant's actions constitute a scare tactic meant to intimidate Plaintiff into compliance. See *Jenkins v. Union Corp.*, 2014 WL 6746853 (N.D. Ill. 2014). An empty legal threat violates 15 U.S.C. § 1692(e)(5), while implying attorney review without evidence is a violation of 15 U.S.C. § 1692(e)(3). See *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). These actions by Defendant paralyzed Plaintiff into taking no action, as she believed attorneys were already acting against her.

15. Defendant's email, when stating "The Disclosures include those below and others that may be required pursuant to the federal Electronic Funds Transfer Act and Regulation E; the federal Fair Debt Collection Practices Act; the federal Telephone Consumer Protection Act; and any other applicable federal, state or local law or regulation…" is misleading, intimidating, deceptive, and confusing to an unsophisticated consumer. Most of these statutes and regulations do not apply in an instance such as this, and no context was provided for their inclusion. An unsophisticated consumer cannot reasonably be expected to know which are applicable or not and cannot be reasonably expected to perform the necessary legal research to determine which statutes do or do not apply. Defendant's action caused Plaintiff to be confused and uncertain about her rights and obligations and caused her to mistakenly believe that she was legally locked into myriad regulations that she did not understand. This sort of confusion kills consumer action. See *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997).

16. Defendant's conduct caused Plaintiff to suffer emotional distress, annoyance, and frustration. Plaintiff has suffered concrete harm.

17. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

18. The foregoing acts and omissions of the Defendant were undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

19. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

20. All of Defendant's actions occurred within one year of the date of this Complaint. The actions taken by Defendant in his collection attempts are to be interpreted under the "unsophisticated consumer" standard. See *Bartlett v. Heibl*, 128 F3d. 497, 500 (7th Cir. 1997); *Chauncey v. JDR*, 118 F.3d 516, 519 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); and *Gammon v. GC Services, LTD. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Respondeat Superior Liability**

21. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits and within the sphere of their respective employment in their agency relationships with their principal, the Defendant.

22. The acts by Defendant and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

23. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

24. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions made in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

## VIOLATIONS OF THE FDCPA

25. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

    a. Defendant violated 15 U.S.C. § 1692(e)(10) by using false or misleading representations in debt collection by communicating with Plaintiff in a deceptive manner.

    b. Defendant violated 15 U.S.C. § 1692(e)(3) by engaging in conduct designed to falsely represent or imply that communication is from an attorney.

    c. Defendant violated 15 U.S.C. § 1692(e)(5) by using unfair and unconscionable means to collect the alleged debt by implicitly threatening to take legal action that is not intended to be taken.

26. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## VIOLATIONS OF TDCA

27. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

    a. Defendant violated Texas Finance Code 392.304(19) by using false or deceptive means to collect a debt.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, MICHELLE VALDIVIEZO, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA.
2. Declare that Defendant's debt collections practices violated the TDCA.
3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, treble damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a).
4. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, reasonable attorney's fees, and injunctive relief, as provided by Texas Finance Code § 392.403.
5. Grant such further relief as deemed just.

                                                      Respectfully submitted,

       */s/ Brian R. Roan*
_____

Brian Roan
CIMENT LAW FIRM, PLLC
221 Bella Katy Drive
Katy, Texas 77494
833-663-3289, ext. 3001
Brian@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF


       */s/ James A. Foley*
_____

James Foley
CIMENT LAW FIRM, PLLC
221 Bella Katy Drive
Katy, Texas 77494
833-663-3289, ext. 3006
James@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF